UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | CASE NO.:  7:25-CV-065 |
| v. | § § § | |
| 0.762 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND SYLVIA LOPEZ, *et al.,* | § § § § | |
| *Defendants.* | § § | |

**JOINT STIPULATION AND MOTION FOR ORDER ESTABLISHING JUST COMPENSATION, GRANTING POSSESSION, DISTRIBUTING FUNDS ON DEPOSIT IN THE COURT'S REGISTRY AND CLOSING CASE**

1.      On February 12, 2025, Plaintiff, the United States of America, filed a Complaint in Condemnation,[1] Declaration of Taking,[2] and Notice of Condemnation,[3] with Schedules A through G as Exhibits, to acquire a fee simple interest in real property identified as RGV-RGC-8022, consisting of 0.762 acres, for purposes of the Border Fence Infrastructure Project in Starr County, Texas.[4]

2.      On March 3, 2025, Plaintiff deposited Eleven Thousand Seven Hundred Forty-Four Dollars and 00/100 ($11,744.00) into the Registry of the Court as estimated just compensation for the acquisition of RGV-RGC-8022, consisting of 0.762 acres.[5] Pursuant to 40 U.S.C. §

---

[1] Dkt. No. 1.
[2] Dkt. No. 2.
[3] Dkt. No. 3.
[4] Dkt. No. 2-1 at 4, Schedule B.
[5] Dkt. No. 26.

3114(b)(1), the filings and the deposit of the estimated just compensation immediately vested title to RGV-RGC-8022, consisting of 0.762 acres, in the United States.

3.    On July 30, 2025, Plaintiff filed an amended Complaint in Condemnation,[6] an amended Declaration of Taking,[7] and an amended Notice of Condemnation,[8] with Schedules CC, DD, EE, and FF as Exhibits,[9] to update the legal description, the survey, the estate taken, and the estimate of just compensation for the fee acquisition of RGV-RGC-8022. Through this Amended Complaint and Declaration of Taking, Plaintiff added the uneconomic southern remainder to its subject taking, resulting in a total subject taking of 1.300 acres, identified as RGV-RGC-8022.

4.    On August 21, 2025, Plaintiff deposited Six Thousand Four Hundred Fifty-Six Dollars and 00/100 ($6,456.00) as additional amount of estimated just compensation.[10] Pursuant to 40 U.S.C. § 3114(b)(1), the amended filings and the additional deposit of the estimated just compensation immediately vested title to the additional acreage in RGV-RGC-8022 to the United States. To date, the United States has deposited a total of Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00) as estimated just compensation for the acquisition of RGV-RGC-8022, consisting of 1.300 acres.

5.    On February 19, 2026, the Court held a Title Hearing and found Mr. Alejo Clarke, Jr. (hereafter "Landowner Defendant") as the sole party with a title interest in RGV-RGC-8022.[11]

6.    Furthermore, the Tax Assessor has asserted a claim that it is entitled to unpaid taxes

---

[6] Dkt. No. 125.
[7] Dkt. No. 126.
[8] Dkt. No. 127.
[9] Dkt. No. 126-1 at 1-12.
[10] Dkt. No. 132.
[11] Dkt. No. 160.

and penalties on the Subject Property as of the date of taking of March 3, 2025, in the amount of $11,454.18. The Landowner Defendant has not contested the claim made by the Tax Assessor and further agreed to disbursement of amounts to be made to the Tax Assessor.

7.      As a result, the Landowner Defendant and the Tax Assessor are the only interested parties in this case with an identified interest in the Subject Property. The Parties have settled the amount of just compensation owed to the Landowner Defendant and the Tax Assessor in this matter.

8.      The total amount in deposit in the Registry of the Court and agreed to as the settlement between the Parties for the acquisition of the Subject Property is Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00).[12]

9.      The United States, the Landowner Defendant, and the Tax Assessor, now make this joint stipulation and motion for entry of an Order: (a) establishing Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00) as the total just compensation for the fee interest described in Schedules CC, DD, and EE of the Amended Complaint in Condemnation and Amended Declaration of Taking;[13] (b) granting the United States immediate possession of RGV-RGC-8022, consisting of 1.300 acres; (c) disbursing the stipulated amount of just compensation, as directed below, from the funds on deposit in the Registry of the Court for the Subject Property; and (d) closing this case on the Court's docket. As grounds for this motion, the Parties jointly state the following:

a. The United States, the Landowner Defendant, and the Tax Assessor, all confirm and agree that the full and just compensation payable by the United States for the taking of the Subject Property shall be the sum of Eighteen Thousand Two Hundred Dollars and

---

[12] Dkt. Nos. 26 and 132.
[13] Dkt. Nos. 125-1 and 126-1 at 1-12.

00/100 ($18,200.00) plus any accrued interest, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature by the undersigned Landowner Defendant, Mr. Alejo Clarke, Jr., against the United States for the institution and prosecution of the above-captioned action.

b.  The Parties respectfully request that judgment be entered against the United States in the amount of Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00) for Plaintiff's condemnation of the stated interests or estates in RGV-RGC-8022, along with any accrued interest.

c.  On March 3, 2025 and August 21, 2025, the United States deposited a total of Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00) into the Registry of the Court.[14] The Parties agree that upon deposit of said amount, title to the interest and estate in RGV-RGC-8022, consisting of 1.300 acres, as more fully described in Schedules CC, DD, and EE of the Amended Complaint in Condemnation and Amended Declaration of Taking,[15] vested in the United States by operation of law.

d.  The Parties agree that the United States shall be entitled to immediate possession of RGV-RGC-8022, consisting of 1.300 acres, and all persons in possession or control of the interests taken in this property should be ordered by the Court to surrender possession of the same to the United States, to the extent of the estate being condemned.[16]

e.  The total sum of Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00) currently on deposit with the Registry of the Court, with accrued interest, shall be

---

[14] Dkt. Nos. 26 and 132.
[15] Dkt. No. 125-1 and 126-1 at 1-12.
[16] Dkt. No. 125-1 and 126-1 at 1-12.

subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from this amount to the extent they exist.

f.  Upon the Court's Order entering judgment in accord with this stipulation of just compensation for the Subject Property, the parties seek immediate disbursement of Eighteen Thousand Two Hundred Dollars and 00/100 ($18,200.00), on deposit in the Registry of the Court, together with any accrued interest earned thereon while on deposit, to be disbursed as follows:

 i.   **$11,454.18 to "Starr County Tax Assessor/Collector," for taxes owed on the Subject Property, on Account numbers 0026985, 0000227, 0034063, and 0027013;**

 ii.  **$6,745.82 to "Mr. Alejo Clarke, Jr. and Mr. Margil Sanchez"**

g.  Landowner Defendant, Alejo Clarke, Jr., warrants that (a) he is the sole owner of RGV-RGC-8022, consisting of 1.300 acres, taken in this proceeding on the date of taking; (b) that he has the exclusive right to the compensation herein; excepting the interests of parties having liens, leases, encumbrances of record, and unpaid taxes and assessments, if any; and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

h.  In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Landowner Defendant, Alejo Clarke, Jr., shall refund into the Registry of the Court, the compensation distributed herein, or such part thereof as the

Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit, to the date of repayment into the Registry of the Court.

i.  The Parties shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

j.  Subject to the property taxes owed, which payment is being disbursed in favor of Starr County Tax Assessor/Collector, Landowner Defendant is responsible for the payment of any taxes or assessments which they otherwise owe on the interest in the property taken in this proceeding on the date of taking.

k.  The Parties shall take no appeal from any rulings or judgments made by the Court in this action, and the Parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

l.  Landowner Defendant and the Tax Assessor shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interests in the property taken in this proceeding on the date of taking.

m.  This joint stipulation and motion are binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Landowner Defendant.

n.  The Parties request that the Court enter an Order of Final Judgment reflecting this Joint Stipulation and Motion and closing this case on the Court's docket.

Respectfully submitted,

**JOHN G.E. MARCK**
Acting United States Attorney
Southern District of Texas

**DEFENDANT:**

s/　　**ACJ**

**Alejo Clarke, Jr.**
(Landowner Defendant)

By:　**s/ Ancy Thomas**

**Ancy Thomas**
Assistant United States Attorney
Southern District of Texas No. 3869396
New York Bar No. 5449871
1701 W. Bus. Highway 83, Suite 600
McAllen, Texas 78501
Telephone: (956) 992-9380
Facsimile: (956) 618-8016
E-mail: ancy.thomas@usdoj.gov
Attorney in Charge for Plaintiff,
United States of America

**DEFENDANT:**

s/　*Margil Sanchez, Jr.*

**Margil Sanchez, Jr.**
**Attorney for Landowner Defendant,**
**Alejo Clarke, Jr.**

**DEFENDANT:**

**s/**

**Ameida Salinas**
**(Starr County Tax Assessor)**

Page **7** of **8**
*Joint Stipulation and Motion*

Respectfully submitted,

**DEFENDANT:**

**JOHN G.E. MARCK**
Acting United States Attorney
Southern District of Texas

s/ _____

**Alejo Clarke, Jr.**
(Landowner Defendant)

By:    **s/ Ancy Thomas**
**Ancy Thomas**
Assistant United States Attorney
Southern District of Texas No. 3869396
New York Bar No. 5449871
1701 W. Bus. Highway 83, Suite 600
McAllen, Texas 78501
Telephone: (956) 992-9380
Facsimile: (956) 618-8016
E-mail: ancy.thomas@usdoj.gov
Attorney in Charge for Plaintiff,
United States of America

**DEFENDANT:**

s/ _____

**Margil Sanchez, Jr.**
**Attorney for Landowner Defendant,**
**Alejo Clarke, Jr.**

**DEFENDANT:**

s/ _____

**Ameida Salinas**
**(Starr County Tax Assessor)**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on CM/ECF and via email on

June 5, 2026 in accordance with the Federal Rules of Civil Procedure.

By:    **s/ Ancy Thomas**
**Ancy Thomas**
Assistant United States Attorney